IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


**ADRIAN ARMSTRONG,**          *
    Petitioner,          *
                                *
                                *
     v.          *          **CIVIL NO. 10-1944(JAG)**
                                *          **Related No. 09-309(PG)**
**UNITED STATES OF AMERICA,**          *          **04-250(JAG)**
    Respondent.          *
_____*


## OPINION & ORDER

Before the Court is Petitioner's Motion Under Title 28, United States Code, Section 2255 and for Writ of Error Coram Nobis to Vacate, Set Aside, or Correct Judgment (D.E. 1)[1]; Respondent's Response to the Motion (D.E. 10); and Petitioner's Reply (D.E. 13).  For the reasons discussed below, the motion shall be **DENIED.**

## I. BACKGROUND

On June 23, 2004, Armstrong, along with two (2) additional co-defendants, was indicted in Criminal Case 04-250(JAG) (Crim. D.E. 5)[2].

Count one of the indictment charged Petitioner along with two other co-defendants with violations of Title 21, United States Code, Section 952(a) and Title 21, United States Code, Section 963; that is conspiracy to and actual importation into the United States of one or more kilograms

_____

[1] D.E. is an abbreviation of docket entry.

[2] Crim. D.E. is an abbreviation for criminal docket number.

of heroin (Crim. D.E. 5).

   Count two charged Petitioner and his two co-defendants with violations of Title 18, United States Code, Section 1957 and 2; that is, a money laundering charge (Crim. D.E. 5).

   The record in case number 04-250(JAG) reflects that at the time of indictment Armstrong resided in Jamaica; there he was detained and incarcerated. At some point in June, 2004, Armstrong was arrested in Jamaica. (Crim. D.E. 145).

   Petitioner remained detained incarcerated in Jamaica for approximately two(2) years-due to the fact that he was contesting the extradition.  During mid 2006, Armstrong accepted extradition to this jurisdiction and appeared before this Court for arraignment and bail hearing on August 10, 2006 (Crim. D.E. 106 and 145).  Petitioner was denied bail and ordered detained (Crim. D.E. 107).

   On May, 17, 2007, Petitioner, through his counsel, filed a Motion to Dismiss the Indictment due to allegations of tampering and/or doctoring of consensual recordings crucial to the government's case against Armstrong (Crim.D.E. 146).

   On May 17, 2007, Petitioner, through his counsel, filed a Motion Requesting Bond.  At the time of filing, Petitioner had been incarcerated for almost three (3) years. (Crim. D.E. 145).

   On June 14, 2007, the Court held a bail hearing as to Armstrong's request (Crim. D.E. 158). On June 15, 2007, the

Court issued its Order granting Petitioner's request for bail with certain restrictions (Crim. D.E. 163).

On May 7, 2009, after several motions by Petitioner and the government concerning the issue of the consensual tape recordings, and several days of evidentiary hearings on the matter, the Court determined that the indictment against Armstrong would not be dismissed. However, the Court suppressed several consensual tape recordings because its authenticity could not be verified. (Crim. D.E. 288).

On September 14, 2009, the government requested the dismissal without prejudice of count two (2) of the indictment (Crim. D.E. 317).

On September 22, 2009, Petitioner, through his counsel, filed a Motion for change of plea (Crim. D.E. 322).

On September 23, 2009, a Change of Plea Hearing was held. At said hearing, the parties informed the Court that Armstrong had been charged by way of an Information with a misdemeanor which was given case number 09-309(JAG). Petitioner pled guilty to the Information in 09-309(JAG) and was sentenced to a monetary fine of five hundred dollars ($500.00). The government requested that all counts of the indictment against Petitioner in case number 04-250 (JAG) be dismissed with prejudice, and it was so ordered by the Court. (Crim.D.E. 324).

On September 23, 2009, Petitioner and the government filed a Plea Agreement in case number 09-309(JAG) (Crim. D.E. 3 in 09-309(JAG)).

Civil No. 10-1944(JAG)                                    Page 4

On September 28, 2009, Judgment as to Crim. No. 09-309(JAG) was entered.  Petitioner pled guilty and was convicted of violating Title 18, <u>United States Code</u>, Section 1504 (Influencing Grand Jury by written documentation known to be false or misleading)(Crim. D.E. 5 in case no. 09-309(JAG)).

On September 28, 2009, Judgment of dismissal as to 04-250(JAG) was entered (Crim.D.E. 325 in case no. 04-250(JAG)).

On September 28, 2010, Armstrong filed a Motion Under Title 28, <u>United States Code</u>, Section 2255 and for Writ of Error Coram Nobis to Vacate, Set Aside, or Correct Judgment (D.E. 1).

## II. PRELIMINARY MATTERS

The record reflects Petitioner originally filed a motion requesting relief pursuant to section 2255, as well as well as section 1651(a) of Title 28 of the <u>Unites States Code</u>.

In the government's response, it correctly argued that the remedies granted by Title 28, <u>United States Code</u>, Section 2255 were not available to Petitioner.

As the government correctly indicated, remedies sought pursuant to section 2255 are only available for a petitioner under custody at the time of filing of the complaint.  Armstrong was not under custody at the time of filing his complaint, and, therefore, this Court lacks jurisdiction in the matter.

On September 2, 2011, Petitioner filed a Reply to the government's response in which he agreed that Armstrong was not in custody and, therefore, the Court lacked jurisdiction over the matter under Title 28, <u>United States Code</u>, Section 2255 (D.E. 13).

Therefore, having established that Petitioner withdrew his allegation filed pursuant to section 2255, the same shall be deemed waived and adjudicated.

What remains before the Court is Petitioner's request pursuant to Title 28, <u>United States Code</u>, Section 1651(a), Petition for Writ of Coram Nobis.

## III. DISCUSSION

Federal courts are empowered by the All Writs Act, Title 28, <u>United States Code</u>, Section 1651, to issue an array of common law writs, like error coram nobis and audita querela, among others, that are not otherwise codified. <u>Trenkler</u> v. <u>United States</u>, 536 F.3d 85 (1st Cir. 2008).

A writ of coram nobis, in its modern form, is a vehicle through which a petitioner no longer in federal custody can move a court to correct some "patent error affecting the validity or regularity" of his criminal conviction. <u>United States</u> v. <u>Sawyer</u>, 239 F.3d 31 (1st Cir. 2001). It is available only to correct "fundamental errors" of law or fact. <u>United States</u> v. <u>Denedo</u>, 129 S.Ct.2213 (2009). The Supreme Court has stated that it is "difficult to conceive of a situation in a federal criminal case today where [a

writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416 at 429 (1996).

An extraordinary common law writ such as a coram nobis is available only to the extent it fills a gap in the post-conviction remedial scheme created by Section 2255. Trenkler, 536 F.3d at 97. If a petition for coram nobis falls within the substantive scope of Section 2255, then it must be recharacterized as a Section 2255 petition. Id.

The First Circuit has warned that a petitioner's failure to comply with the gate-keeping mechanisms imposed by the Anti-Terrorism and Effective Death Penalty Act will not justify granting coram nobis relief for a claim otherwise cognizable under Section 2255. Id at 98.

The writ of coram nobis is an unusual legal vehicle used to set aside a criminal judgment of conviction only under circumstances compelling such action to achieve justice. Those circumstances include an explanation of why a coram nobis petitioner did not earlier seek relief from judgment; a showing that the petitioner continues to suffer significant collateral consequences from the judgment; and a demonstration that an error of the most fundamental character occurred. Hager v. United States, 993 F2d 4 at 5 (1st Cir. 1993; quoting Morgan, 346 U.S. at 511-512).

In the First Circuit a three part test is employed as a guideline in determining whether coram nobis relief is proper. A petitioner "must(1) explain his failure to seek earlier relief from the judgment; (2)show that he continues

to suffer significant collateral consequences from the judgment; and (3) demonstrate that the judgment resulted from an error of the most fundamental character. United States v. George, 676 F.3d 249 at 254 (1st Cir. 2012). Even if the test is satisfied, the court retains discretion over the ultimate decision to grant or deny the writ. Id. at 255. Furthermore, in a coram nobis action, the district court must presume that the underlying criminal proceedings were correct; the petitioner bears the burden to show otherwise. Morgan, 346 U.S. at 512.

In the case of Armstrong, a review of his petition leaves no doubt that he fails to meet the first requirement as established by the First Circuit's coram nobis test. Armstrong has not proffered an explanation as to why, if available, he did not first pursue other methods of relief from judgment.

The crux of Petitioner's arguments is that he was convicted of an offense that he was not and could not have been extradited for. Armstrong contends that his conviction for violating Title 18, United States Code, Section 1504 was not authorized by the terms of his extradition order, and that it is not an extraditable offense under the governing provisions of the extradition treaty between the United States and Jamaica (D.E. 1 at 1).

Petitioner's further claims that the document used to convict him of violating Title 18, United States Code, Section 1504, was neither generated or submitted by him to

the grand jury. (D.E. 1 at 2).

Petitioner's further avers ineffective assistance of counsel for failure to raise the previously stated allegations (D.E. 1 at 2).

Finally, Armstrong boldly contends that his extradition from Jamaica was obtained by fraud. Petitioner alleges and accuses the government of knowingly submitting doctored consensual tape recording to the Jamaican government in order to secure Petitioner's extradition. (D.E. 1 at 3-4).

In Petitioner's Reply to the government's Response, Armstrong adds the allegation that he is suffering a continuous civil disability as a result of his criminal conviction and as direct collateral consequence of said conviction. By way of example, Petitioner states that as a result of his conviction, Petitioner's professional licenses authorizing him to engage in the business of money exchange in Jamaica have ben revoked. (D.E. 13 at 4-5). The Court notes that out of all the allegations or claims raised by Armstrong this is the only one that falls within the parameters of the three part coram nobis test as established by the First Circuit in George.

First Circuit precedent is clear as to the requirements that must be met in order for a writ of coram nobis to proceed. Petitioner has failed to abide by them. Petitioner's arguments in both his original motion (D.E. 1) and his reply (D.E. 13) remain silent as to the first step in the Circuit's three-part coram nobis test - Armstrong

must explain his failure to seek earlier relief from the judgment.

The record reflects that Judgment in both 04-250(JAG) and 09-309(JAG) were entered on September 28, 2009. A year later, on September 28, 2010, Armstrong *for the first time* challenged his criminal conviction by way of a writ of coram nobis. Petitioner cannot in good faith expect this Court to entertain such a request without complying with the established rule in this Circuit, and at the very least, without an attempt to inform the Court as to why Petitioner failed to seek earlier relief.

Furthermore, the Court is concerned that in both of Petitioner's filings, that is, his original writ for relief (D.E. 1) and his reply (D.E. 13), there seems to be a commingling of facts and chronological events as to what exactly transpired in Armstrong's two cases, 04-250(JAG) and 09-309(JAG). For example: Petitioner claims that the offense that led to his extradition from Jamaica is that which was charged in his Information in 09-309(JAG) – violation to Title 18, United States Code, Section 1504. Such statement is simply not true.

As the record reflects, and this Court has detailed in this Opinion and Order, Armstrong's request for extradition came as a result of his federal indictment for conspiracy to import heroin and money laundering in 04-250(JAG). Petitioner should refrain from attempts to mislead the Court or confuse the record.

Civil No. 10-1944(JAG)                                          Page 10

The Court is further troubled by Petitioner's blanket assertion that the government knowingly provided doctored consensual recordings to the Jamaican government in order to secure his extradition. Said statement is made by Petitioner without any additional evidence or support from the record. This Court will not allow such irresponsible conduct.

For the reasons previously stated the Court finds that Petitioner, Adrian Armstrong fails to meet the three-part requirements as established by the First Circuit in <u>George</u> in order for this Court to even consider his request for writ of coram nobis. Therefore, his request is **DENIED.**

**IV. CONCLUSION**

Based on the foregoing, Petitioner **ADRIAN ARMSTRONG's,** petition for writ of coram nobis (D.E. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th of September 2013.

S/ Jay A. Garcia-Gregory
**JAY A. GARCIA-GREGORY**
**UNITED STATES DISTRICT JUDGE**